**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 09-0670-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Robert Nejbauer, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Robert Nejbauer is charged with nine counts of bank robbery, 18 U.S.C. § 2113, one count of attempted bank robbery, 18 U.S.C. § 2213, and one count of using an instrument of interstate commerce to willfully threaten to damage or destroy a building with an explosive device, 18 U.S.C. § 844. Mr. Nejbauer moves the Court sever the counts for trial. (Doc. #34.) Mr. Nejbauer's motion is denied.

Fed. R. Crim. P. 8(a) allows more than one count to be included in an indictment against a defendant when the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." A defendant may move for separate trials of counts even where the counts are properly joined under Rule 8 where the defendant is prejudiced by joinder of the counts. Fed. R. Crim. P. 14(a).

A motion to sever should be granted if joinder of multiple counts would be manifestly prejudicial to the defendant. *United States v. Johnson*, 820 F.2d 1065, 1070 (1987). Manifest prejudice results if one of the defendant's substantive rights are violated. *Id*. To require severance, joinder of counts must be so prejudicial to the defendant that it "outweighs the dominant concern for judicial economy." *United States v. O'Neal*, 834 F.2d 862, 865 (1987).

If evidence of one of the crimes would be admissible in a separate trial for the other crime, joinder of the offenses is generally not prejudicial. *United States v. Begun*, 446 F.2d 32, 33 (1971). Much of the evidence presented as to each count against Mr. Nejbauer will be admissible as to all of the counts. Identity is a key issue in this case, and the similarity of the modus operandi will help identify the robber. The robberies were committed by a white, middle-aged male with a moustache or goatee, wearing a baseball cap, latex gloves, and sunglasses. A demand note was always used and the verbiage was nearly identical each time. When Mr. Nejbauer was arrested on May 27, 2009, he had a note in his pocket that read like the demand notes used in previous robberies. Surveillance photographs from each robbery depict a robber who looks nearly the same in every instance. In addition, all of the robberies took place within two months of one another. Accordingly, prejudice to Mr. Nejbauer is not likely to result from joinder of the offenses. *See Johnson*, 820 F.2d at 1070-72 (no severance required where robberies were close in time and the robber's modus operandi was similar).

Careful limiting instructions can also reduce the risk of prejudice to the defendant. *Id*. at 1071. "The primary consideration is whether the jury can reasonably be expected to compartmentalize the evidence applicable to each count." *O'Neal*, 834 F.2d at 865 (citation omitted). There is no need to have eleven separate trials in this case. With proper instruction from the Court, it is reasonable to assume that the jurors will be able to compartmentalize the evidence presented against Mr. Nejbauer. *See id.* ("Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence.")

IT IS THEREFORE ORDERED that Mr. Nejbauer's Motion to Sever Counts (doc. # 34) is denied.

DATED: November 2, 2009.

_____
Neil V. Wake
United States District Judge